# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| **EDNA JO REDMEN/TULLIUS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** 5:15-cv-149 (Stamp) |
| | ) | |
| **SILGAN PLASTICS CORPORATION,** | ) | Electronically filed: November 23, 2015 |
| | ) | |
| **Defendant.** | ) | |

### <u>NOTICE OF REMOVAL</u>

**TO:   UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

COMES NOW, Silgan Plastics Corporation ("Defendant" or "Silgan"), by and through its undersigned counsel, and hereby files its Notice of Removal of this action from the Circuit Court of Ohio County, West Virginia to the United States District Court for the Northern District of West Virginia.  In support thereof, Defendant respectfully states to this Honorable Court as follows:

**A.   <u>The Circuit Court Action</u>**

1.     On August 11, 2015 Plaintiff, *pro se*, filed her Complaint in the Circuit Court of Ohio County, West Virginia entitled <u>Edna Jo Redmen v. Silgan Plastics</u>, Civil Action No. 15-C-223 (the "Lawsuit"). (Exhibit 1, Circuit Court Docket Sheet)

2.     The Lawsuit is a civil action alleging that Plaintiff was discriminated against in violation of the West Virginia Human Rights Act because Defendant terminated her at the conclusion of her six (6) month short-term disability leave, effective August 17, 2013, pursuant to a letter to her dated August 20, 2013, from Debbie A. Turziano ("Ms. Turziano"), Defendant's Human Resource Manager. (Exhibit 2, Complaint)

3.      Plaintiff, who failed to name Ms. Turziano as a defendant in the caption of the Complaint, uses the phrase "Defendants" throughout her Complaint and concludes her Complaint with a prayer "for judgment against the Defendants, Silgan Plastics Corporation and Debbie A. Turziano." (Exhibit 2)

4.      On August 14, 2015, the Court Granted Plaintiff's Application for Waiver of Fees, Costs, or Security in a Civil Case based on Plaintiff's Financial Affidavit. (Exhibit 3)

5.      On August 20, 2015, a copy of the Summons and Complaint in the Lawsuit was served on Defendant and the Return of Service was filed with the Court on August 26, 2015. (Exhibit 4)

6.      On September 2, 2015, a copy of the Summons and Complaint was served on Ms. Turziano and the Return of Service was filed with the Court.  (Exhibit 5)

7.      On September 8, 2015, Defendant filed its Notice of Bona Fide Defense. (Exhibit 6)

8.      On September 17, 2015, Defendant filed an Answer to Plaintiff's Complaint. (Exhibit 7)

9.      On September 22, 2015, Debbie Turziano filed a Motion to Dismiss Plaintiff's Complaint and a separate Memorandum in Support. (Exhibits 8 and 9 respectively)

10.     Within her Motion to Dismiss and Memorandum in Support, Ms. Turziano contended that Plaintiff's Complaint must be dismissed as to Ms. Turziano for failure to state a cause of action against Ms. Turziano in that (a) Plaintiff failed to identify Ms. Turziano as a Defendant in the caption of the Complaint; (b) Plaintiff failed to allege that Ms. Turziano was Plaintiff's employer under the West Virginia Human Rights Act; and (c) Plaintiff failed to allege

2

sufficient facts to state a claim against Ms. Turziano in her individual capacity under the West Virginia Human Rights Act. (Exhibits 8 and 9)

11.     On October 5, 2015, Ms. Turziano filed a Notice of Hearing setting her Motion to Dismiss for hearing before the Court on November 6, 2015. (Exhibit 10)

12.     Plaintiff did not file any opposition to or otherwise challenge Ms. Turziano's Motion to Dismiss. (Exhibit 1)

13.     On October 29, 2015, without oral argument, Ms. Turziano's Motion to Dismiss was granted by Order of David J. Sims, Judge, Circuit Court of Ohio County, West Virginia. (Exhibit 11)

**B.    Jurisdiction and Basis for Removal**

14.     This Court has original diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332(a) and § 1441(b) because (1) the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, (2) Plaintiff's state of citizenship is different from the state of citizenship of Defendant Silgan, and (3) Defendant Silgan is not a citizen of the state of West Virginia.

     i.     **Amount in Controversy Exceeds $75,000.00**

15.     In Plaintiff's Complaint, Plaintiff seeks an award for compensatory damages, punitive damages, attorney's fees, litigation costs, pre-judgment interest, post-judgment interest, reinstatement, costs and any other relief that may be available to her in law or equity. [(Exhibit 2) Complaint, Prayer for Relief, p. 3].

16.     While Plaintiff's Complaint filed in the Lawsuit does not allege specific monetary damages, Defendant has a good faith basis and belief to a high degree of legal certainty that the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00),

3

exclusive of interest and costs.   Specifically, the jurisdictional amount is met inasmuch as Plaintiff seeks damages in this lawsuit as follows:

(a)     In her Complaint, Plaintiff alleges she was terminated effective August 17, 2013 and Plaintiff seeks an award of compensatory damages. [(Exhibit 2) Complaint, Prayer for Relief, p. 3]  Plaintiff worked a total of 84 hours and was paid $1,586.92 every two weeks.  (Exhibit 12)  Two years of lost wages for Plaintiff (104 weeks 8/17/2013 – 8/17/2015) = $82,519.84. Plaintiff's alleged damages for lost wages will continue to accrue until this matter is resolved.

(b)     Plaintiff also seeks damages for emotional distress in an undetermined amount. [(Exhibit 2) Complaint, ¶ 17, Prayer for Relief, p. 3]

(c)     Plaintiff seeks punitive damages in an undetermined amount. [(Exhibit 2) Complaint, ¶¶ 15-16, Prayer for Relief, pp. 2-3]

(d)     Plaintiff seeks attorney's fees in an undetermined amount. [(Exhibit 2) Complaint, ¶ 17, Prayer for Relief, p. 3]

ii.     **Plaintiff and Silgan are Completely Diverse**

17.     Plaintiff is a citizen and resident of the State of West Virginia.  [(Exhibit 2) Complaint, ¶ 3, p. 1]

18.     Defendant is a Delaware corporation and its headquarters and principal place of business where Defendant's high level officers direct, control and coordinate the corporation's activities is in Missouri. (Exhibit 12)

iii.    **Silgan is not a West Virginia Citizen**

19.     Defendant Silgan is neither a citizen nor resident of the State of West Virginia inasmuch as Defendant Silgan is **not** incorporated in the State of West Virginia and **does not**

4

have its headquarters or principal place of business where Defendant's high level officers direct, control and coordinate the corporation's activities in the State of West Virginia.  (Exhibit 12)

**C.    Defendant's Removal is Timely**

    **i.    The Initial Complaint Was Not Subject to Removal**

20.    Plaintiff is a citizen and resident of the State of West Virginia.   [(Exhibit 2) Complaint, ¶ 3, p. 1].

21.    Debbie Turziano is a resident of the State of West Virginia.  (Exhibits 2 and 12).

22.    Plaintiff's allegation that Plaintiff and Ms. Turziano, identified as a Defendant throughout the body of the Complaint[1], are both residents of the State of West Virginia, on its face, defeated diversity jurisdiction and prohibited removal of this matter at the time the Complaint was filed.  28 U.S.C. § 1332(a).

    **ii.    This Case Became Subject to Removal Upon Dismissal of the Non-Diverse Defendant**

23.    If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.  28 U.S.C. § 1446(b).

    **iii.    Application of the "Voluntary-Involuntary Rule"**

24.    In matters such as this, wherein dismissal of the non-diverse Defendant, Ms. Turziano, creates, for the first time, complete diversity between the remaining parties, the Court must apply the "voluntary-involuntary rule" to determine whether removal is proper.  When the dismissal of all non-diverse Defendants is a voluntary action on the part of Plaintiff, the federal court may exercise diversity jurisdiction and removal is proper.  On the other hand, when the

---

[1] Albeit not within the caption of the Complaint.

217213

dismissal of all non-diverse Defendants results from something other than the voluntary action of the plaintiff, a federal court cannot, in most circumstances, exercise diversity jurisdiction under the "voluntary-involuntary rule" and removal would not be proper.  Grubb v. Donegal Mut. Ins. Co., 935 F.2d 57, 60 (4th Cir.1991).

25.     Plaintiff's failure to oppose, or even respond to, Ms. Turziano's Motion to Dismiss demonstrates Plaintiff's tacit approval of the Motion and resulting Order of Dismissal such that the Circuit Court's Order dismissing the non-diverse Defendant was the equivalent of a voluntary action of the Plaintiff in this matter.

26.     The Court's Order Dismissing Ms. Turziano, the non-diverse party, issued on October 29, 2015, was the first document received by Defendant Silgan from which it could first be ascertained that the instant matter had become removable.

27.     This case is being removed to federal court within thirty (30) days of Defendant Silgan's receipt of the Court's Order dismissing the non-diverse party and creating complete diversity between the remaining parties – the first time Defendant Silgan could ascertain that the instant case had become removable.

   iv.     **Fraudulent Joinder of the Non-Diverse Defendant Precludes Application of the "Voluntary-Involuntary Rule" and Removal Remains Proper**

28.     As stated above, if the dismissal of all non-diverse defendants was involuntary removal in most instances would be improper under the "voluntary-involuntary rule".  In the instant matter, however, should this Court decide that the Circuit Court's Order dismissing Ms. Turziano, the non-diverse Defendant, was involuntary, this case remains subject to removal as a result of the fraudulent joinder of Ms. Turziano.

6

29.     It is well settled that fraudulent joinder is an exception to the "voluntary-involuntary rule".  Where all non-diverse defendants have been fraudulently joined, removal is not precluded under the "voluntary-involuntary rule" and the requirement of complete diversity jurisdiction is satisfied under 28 U.S.C. § 1332(a)(1).  Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).

30.     In determining whether joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available.  Mayes, 198 F.2d at 464.

31.     To establish that a non-diverse defendant has been fraudulently joined, the removing party must establish that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.  Mayes, 198 F.3d at 464; Marshall v. Mendez Sales Corp., 6 F3d 229, 232 (4th Cir. 1993).

32.     "The determination of fraudulent joinder is to be based on whether there was a real intention on colorable grounds to procure a joint judgment."  Riverdale Baptist Church v. Certainteed Corp., 349 F.Supp.2d 943, 948 (D. Maryland 2004); quoting Parks v New York Times Company, 308 F.2d 474, 477 (5th Cir. 1962), cert denied, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964).

33.     "The joinder is fraudulent if it is clear that, under the law of the state in which the action is brought, the facts asserted by the plaintiff as the basis for the liability of the resident defendant *could not possibly create such liability so that the assertion of the cause of action is as a matter of local law plainly a sham and frivolous*."  Id.

217213

34.     In granting Ms. Turziano's Motion to Dismiss, the Court found not only that Plaintiff had failed to name Ms. Turziano as a defendant, but also that Plaintiff failed to state a claim against her for which relief may be granted. (Exhibit 11).

35.     Specifically, the Court explained: "Further, alleging that an individual employee communicated termination to a Plaintiff is insufficient to state a claim for which relief may be granted against that employee in his or her individual capacity under the WVHRA.  Plaintiff has not alleged that Ms. Turziano was her employer, and it is apparent she was not. Plaintiff has not alleged any facts that would implicate the individual liabilities set forth in the WVHRA. Plaintiff has not alleged any conduct on the part of Ms. Turziano that would violate the Act.  She has alleged only that Ms. Turziano communicated the termination to her, an act which the Courts have found to be insufficient to state a claim." (Exhibit 11).

36.     Inasmuch as the State Court has found that the facts asserted by the Plaintiff in the instant matter – that Ms. Turziano communicated the termination to her – *could not possibly create such liability* against Ms. Turziano individually under the West Virginia Human Rights Act -- it is clear that Ms. Turziano has been fraudulently joined.

37.     Additionally, Plaintiff's failure to file a Response to Ms. Turziano's Motion to Dismiss, is a tacit admission on the part of Plaintiff that no additional facts exist which would permit Plaintiff to state a cause of action against Ms. Turziano in her individual capacity pursuant to the West Virginia Civil Rights Act demonstrating a lack of intention on the part of Plaintiff to procure a joint judgment.

38.     Plaintiff's time for filing a response in opposition to Ms. Turziano's Motion to Dismiss did not expire until the Circuit Court issued its Order Granting Ms. Turziano's Motion to Dismiss on October 29, 2015.

8

217213

39.     Based on the entire record in this matter, including Plaintiff's failure to file any response to the Motion to Dismiss alleging the existence of additional facts to support a claim against Ms. Turziano on the part of Plaintiff, it is clear that the right to effect the instant removal pursuant to 28 U.S.C. §1446(b) did not become unmistakably apparent to Defendant until the Court issued its Order Granting Ms. Turziano's Motion to Dismiss thereby precluding the filing of a Response to said Motion by Plaintiff.   Gray v. Rite aid Corp., 189 F.Supp.2d 347,349 (D.Md.2002).

40.     As such, the Court's Order Dismissing Ms. Turziano, the non-diverse party, issued on October 29, 2015, was the first document received by Defendant Silgan from which it could first be ascertained that the instant matter had become removable.

41.     This case is being removed to federal court within thirty (30) days of Defendant Silgan's receipt of the Court's Order dismissing the non-diverse party and creating complete diversity between the remaining parties – the first time Defendant Silgan could ascertain that the instant case had become removable.

**D.     The Remaining Requirements for Removal have been Satisfied**

42.     The United States District Court for the Northern District of West Virginia embraces Ohio County, where the Circuit Court Action is pending.

43.     The above-referenced Circuit Court Docket Sheet, Complaint, Order Granting Plaintiff's Application for Waiver of Fees, Costs, or Security in a Civil Case, Return of Service of Summons on Defendant, Return of Service of Summons on Ms. Turziano, Notice of Bona Fide Defense, Answer, Motion to Dismiss, Memorandum in Support of Motion to Dismiss, Notice of Hearing and Order (Exhibits 1 – 11) constitute a copy of all process, pleadings and orders in the Circuit Court Action.

9

217213

44.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court of Ohio County, West Virginia and written Notice of Removal will be provided promptly to Plaintiff.

WHEREFORE, Defendant requests that this Court assume jurisdiction of this action and make further orders as may be required to properly determine this controversy.

Dated:  November 23, 2015

Respectfully submitted,

GROVE & DELK, PLLC

David L. Delk, Jr.
44 ½ Fifteenth Street
Wheeling, WV  26003
(304) 905-1961
(304) 905-8628 facsimile

Attorneys for Defendant

10

217213

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA

**EDNA JO REDMEN/TULLIUS,** )
)
    **Plaintiff,** )
)
**v.** )   **Case No.**   5:15-cv-149
)
**SILGAN PLASTICS CORPORATION,** )
)
    **Defendant.** )

## CERTIFICATE OF SERVICE

    I hereby certify that I have this 23rd day of November, 2015, served a true and correct copy of the foregoing **NOTICE OF REMOVAL** upon the following by depositing same with the United States Postal Service, first-class, postage prepaid, addressed as follows:

                          Edna J. Tullius
                          321 Hughes Street
                          Wheeling, WV 26003

                          Of Counsel for Defendant

David L. Delk, Jr. (#6883)
GROVE & DELK, PLLC
44 ½ Fifteenth Street
Wheeling, WV  26003
(304) 905-1961
(304) 905-8628 facsimile

217213